IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE RIDGE AT ST. GEORGE TOWNHOME ASSOCIATION insured and as known as THE RIDGE TOWNHOMES ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STAY<br><br>Case No. 4:25-cv-00133-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Stay.[1] Plaintiff seeks to stay discovery pending the Court's ruling on its partial motion for summary judgment. For the reasons discussed below, the Court grants the Motion.

## I. BACKGROUND

This case arises out of an insurance dispute concerning alleged damaged roofing. As relevant here, Plaintiff contends that the appraisal clause in the insurance policy (the "Policy") issued by Defendant required Defendant to engage in an appraisal process after Plaintiff submitted a demand. Plaintiff contends that Defendant has failed to comply with the appraisal clause. Plaintiff seeks, among other things, a declaration enforcing the appraisal clause. That claim is now the subject of a partial motion for summary judgment. Plaintiff seeks a stay of discovery until that motion is resolved.

[1] Docket No. 28, filed September 16, 2026.

## II. DISCUSSION

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[2] "The granting of the stay ordinarily lies within the discretion of the district court"[3] and "calls for exercise of judgment, which must weigh competing interests and maintain an even balance."[4] The party requesting the stay has the burden to demonstrate that it is warranted and courts can consider a number of factors to determine whether the burden is met.[5] These include: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; (3) the impact a stay would have on the court; (4) the interests and burdens on the parties; and (5) the interests of nonparties or the public."[6]

Having considered the parties' arguments, the relevant factors, and the parties' prior agreement,[7] the Court finds that a stay is appropriate here. A stay will promote judicial economy, avoid confusion, and avoid inconsistent results. A stay would also benefit the parties and the Court by possibly narrowing and streamlining the issues in this case or, at the very least,

---

[2] *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[3] *Pet Milk Co.*, 323 F.2d at 588.

[4] *Landis*, 299 U.S. at 254.

[5] *Gale v. Brinker Int'l Payroll Co.*, No. 1:09-cv-00129-TS, 2010 WL 3835215, at *2 (D. Utah Sept. 29, 2010)

[6] *Klein v. Lewis*, No. 2:19-cv-00801-DN-PK, 2020 WL 816142, at *1 (D. Utah Feb. 19, 2020) (*citing Fluent Home Ltd. V. Elbaum*, No. 2:18-cv-00570-TC, 2019 WL 1002365, at *2 (D. Utah Mar. 1, 2019); *Gale,* 2010 WL 3835215, at *1; *Sykes v. LivaNova Deutschland GMBH*, No. 17-cv-02437-KLM, 2018 WL 286791, at *1 (D. Colo. Jan. 4, 2018)).

[7] Docket No. 35-1.

determining the scope of this dispute. Finally, there is nothing to suggest a stay would be harmful to nonparties or the public.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Stay (Docket No. 28) is GRANTED. Discovery is stayed until the Court rules on Plaintiff's partial motion for summary judgment. The parties must submit a joint status report proposing the next appropriate case management steps within fourteen (14) days of that ruling.

DATED this 30th day of October, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge